JOHN P. BRADFORD

*v.*

STATE OF ILLINOIS.

*Opinion filed May 22, 1914.*

ARMORIES—*lease of.* Court reviews the evidence and rejects claim.

Bert W. Adsit, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

This is an action brought by claimant to recover three hundred forty-eight ($348) dollars, for money expended in procuring and preparing plans and specifications for an armory to be erected by claimant, in the city of Pontiac, Illinois; the same to be used by Company "F" Third Infantry, Illinois National Guard.

It appears that Major Strawn, of Pontiac, had a conversation with the claimant in which it was suggested, that it might be a good thing to have a new armory erected at Pontiac.

Claimant advised Major Strawn in substance, that if the necessary arrangements could be made with the proper authorities of the State of Illinois, that he would be willing to erect an armory for their use. Claimant visited different cities for the purpose of securing suggestions as to the kind of a building he was going to erect, and incurred some expense in so doing; he also laid out about three hundred ($300) dollars in having plans and specifications drafted.

Some time prior to the eighth day of March, 1909, Major Strawn had several interviews with Adjutant General Scott, and was informed by him, that if claimant would erect the armory, he would execute a lease with him on behalf of the State of Illinois.

Later, on the eighth day of March, 1909, General Scott made and delivered a written agreement with claimant, in which it was stated, that he would enter

into a lease with claimant, "on behalf of the State of Illinois, for rental of an armory at Pontiac, upon completion of the same, in the sum of one thousand ($1,000) dollars per annum," and among other things it provided, that the building was to be ready for occupancy about August 1, 1909.

Shortly after this written proposition was delivered to claimant, General Scott died, and it was suggested to claimant by Major Strawn, that he should not proceed with the erection of said building until an Adjutant General was appointed to succeed General Scott.

Some time after January 1, 1910, Frank S. Dickson was appointed Adjutant General, to fill the vacancy caused by the death of General Scott, and it appears that there was some misunderstanding between him and the claimant relative to the terms of said proposed lease, and it further appears that General Dickson informed claimant, that he would not enter into a lease for the proposed armory.

Claimant did not have any contract with General Scott prior to his visit with him at Springfield, on March 8, 1909, when he received the written proposal for a lease, and it is clearly shown, that at that time he had procured the plans and specifications and submitted them to General Scott, at their meeting as an inducement to get a contract from him for the building when completed, and that said plans were prepared prior to March 8, 1909, and there is nothing in the evidence to show that General Scott's proposal caused claimant to entail any additional expense.

It is contended by claimant, that the proposal of General Scott to enter into a lease for the armory when completed, was such an agreement as would entitle him to compensation for expenses incurred in securing the plans and specifications for said building.

Notwithstanding, that the claimant received the written proposal from General Scott, he did not proceed with the erection of the building and saw fit to wait until such time as some other person should succeed

General Scott. It would appear that claimant accepted this proposition with a thorough understanding that he was not bound thereby, and claimant could not be held to answer in damages had he refused to erect the armory as contemplated, even though the State insisted that it should be erected and the proposed contract carried out.

As far as we can determine from all the evidence submitted in this case, it appears that this was a strictly business proposition in which the claimant was interested, and the expense he incurred in securing plans and specifications was only incident to his attempt to secure what he deemed a profitable investment.

Had General Scott refused to deliver to claimant the written proposal of March 8, 1909, could it be said that claimant in this case would be entitled to recover from the State the amount of expenditures he now seeks to recover? We think not.

The written proposal of General Scott did not occasion the expenditures herein claimed, and the claimant deemed it advisable not to proceed with the erection of the building, after learning of General Scott's death.

From a fair consideration of all the evidence, we are of the opinion, that the State is not liable for the expenditures made by claimant in his endeavor to induce the State to enter into a contract with him.

This claim should not be allowed and the same is accordingly rejected.